FILED
2014 Jul-18  PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JANNIFER LOVELL AND** | ) | |
| **PAULA SLATON,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **DAY & ZIMMERMAN NPS** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |

**COMPLAINT**

## I.     INTRODUCTION

1.   This is a Title VII gender discrimination and an Equal Pay Act claim on behalf of two female Plaintiffs who were discriminated against, complained of discrimination, and were fired.

2.   This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Title VII of the Civil Rights Act of 1964,  as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, the Fair Labor Standards Act, ("FLSA") 29 U.S.C. Section 201, *et seq*., the  Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d) and 29 USC 215(a)(3) .

## II.     JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

1

3.      This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4),

2001, 2002, and the EPA and the FLSA.

4.      The jurisdiction of this Court is invoked pursuant to: (1)  Title VII of the Civil

Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly

Ledbetter Fair Pay Act of 2009; (2)  the Equal Pay Act, ("EPA") of 1963, as

amended, 29 U.S.C. §206(d); and (3) the Fair Labor Standards Act, ("FLSA")

29 U.S.C. Section 201, *et seq.* (4)  28 U.S.C. §§ 1331 and 1343 and (3) .  Venue

is proper in the Northern District of Alabama, Southern Division under 28

U.S.C. §1391(b).

5.      Plaintiffs have fulfilled all conditions precedent to the institution of this action

under Title VII of the Act of Congress known as the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq*., as amended by the Civil Rights Act of 1991, 42

U.S.C. Section 1981a.  Plaintiffs timely filed their charges of discrimination

within 180 days of occurrence of the last discriminatory act.  Plaintiffs timely

filed their lawsuit within 90 days of the receipt of her Right-To-Sue Letters

from the EEOC.

**III.    PARTIES**

6.      Plaintiff, Jannifer Lovell, is a female citizen of the United States, a resident of

the State of Alabama, and is over nineteen (19) years of age.

2

7.    Plaintiff, Paula Slaton, is a female citizen of the United States, a resident of the State of Alabama, and is over nineteen (19) years of age.

8.    Defendant Day & Zimmerman, USA ("Defendant") is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, Section 2000e *et seq*., as amended, 42 U.S.C., Section 1981a, and the Equal Pay Act, 29 U.S.C. Section 206(d).  At all times pertinent to the matters alleged herein, Defendant has employed fifteen (15) or more employees.

9.    The acts by Defendant were authorized, ordered, or done by Defendant's officers, agents, employees, or representatives while they were actively engaged in the management of Defendant's business.

## IV.    STATEMENT OF FACTS

10.    Plaintiffs are two females who worked for Defendant Day & Zimmerman, which is a national plant maintenance contractor headquartered in Lancaster, Pennsylvania and operates over 40 client locations around the country.

11.    Plaintiffs were assigned to work for Defendant at the Tennessee Valley Authority's Browns Ferry Nuclear Plant, a location where they had been working for prior company for many years.

### A.    Plaintiff Lovell

12.    Plaintiff Lovell is a female who has worked at the TVA Plant since 1996 for Stone & Webster, and she had worked as a Foreman for approximately five years.

13.    Defendant company acquired Stone & Webster and that date, December 3, 2009, is when Lovell began working for Day and Zimmerman as a Foreman.

14.    Lovell's supervisor, Milton Waters, who had previously supervised her at Stone and Webster, quickly promoted Lovell to the position of General Foreman.

15.    In approximately 2011, Billy Howeth became the new Site Manager of Defendant at the plant where Lovell worked.

16.    Around July 2012,  Milton Walters retired and Lovell began reporting to Billy Tidwell.

17.    On October 30, 2012 Defendant promoted a less qualified man named Bob Thomas to a Civil Supervisor job, and he became Ms. Lovell's direct supervisor.

18.    This position was not posted, which prevented Lovell from applying.

19.    Lovell had previously informed Site Manager Howeth and other managers that she wanted to be promoted to a supervisor position, which would include the supervisor position Defendant gave to Bob Thomas.

20.    Because Lovell was more qualified than Bob Thomas due to her superior time

4

and experience for that Supervisor job, she complained that she was denied that promotion because of her female gender to Human Resources and to management, including Billy Howeth.

21. On November 25, 2012, Billy Howeth terminated Lovell and replaced her with a man named Tim Fowler on November 25, 2012.

22. Site Manager Howeth allegedly terminated Lovell's employment for supposed misconduct and unsatisfactory work performance; however, these reasons for firing Lovell are false.

23. Defendant's articulated reasons for firing Lovell are a pretext to hide its true discriminatory and retaliatory reason for terminating her.

**B.    Plaintiff Slaton**

24. Plaintiff Slaton began working for respondent as a General Foreman on December 3, 2009.  Slaton had worked at the TVA location for 20 years.

25. Defendant hired Slaton to replace a female who had just been fired.

26. Slaton was the only female supervisor out of the 17 supervisors working for respondent at the TVA location, and she has held that job since July 2010 with Defendant.

27. Billy Howeth became the Site Manager in approximately 2011.

28. Although Slaton was a supervisor, after Howeth took over she was excluded

from meetings and other functions of leadership, and management took her preferred job assignments and gave them to a male supervisor.

29. Slaton complained to Management and Human Resources about being excluded and mistreated because of her female gender.

30. Slaton's male co-workers, with the same job title that she held, were paid higher wages than she was paid.

31. Slaton filed an EEOC Charge against Defendant on December 17, 2012, and in that charge she complained, among other things, that she was not paid equally to her male co-workers.

32. After Defendant had received Slanton's EEOC Charge complaining of unequal pay, Defendant terminated Slanton on April 30, 2013 for an alleged lack of work; however, that reason is not legitimate.

33. Bob Thomas took over Slanton's job, and he was not as qualified as Slanton and had been employed for much less time than Slanton.

34. Defendant terminated Slanton in retaliation for her complaining of not being paid equally to her male co-workers.

35. Slanton has also reapplied for work with Defendant, but Defendant has not rehired her.

36. Defendant refused to rehire Slanton because she complained of not being paid

equally to her male co-workers.

## V.    CAUSES OF ACTION

### COUNT I – Plaintiff's Slaton's Title VII Gender Discrimination Claim

37.   Plaintiff re-alleges and incorporates by reference paragraphs 1-36 above with the same force and effect as if fully set out in specific detail herein below.

38.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq*., as amended, and 42 U.S.C. Section 1981a.

39.   Under Title VII, it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

40.   Defendant discriminated against Plaintiff because of her female gender in paying her lower wages than similarly situated male managers as a result of past and present discrimination, excluding her from meetings, prohibiting her from properly supervising her employees, and taking her preferred job assignments and giving them to a male supervisor.

41.   Defendant has failed to articulate a legitimate non discriminatory reason for its

discriminatory actions.

42.   Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

43.   Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

44.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

**COUNT II – Plaintiff Slaton's EPA Wage Claim**

45.   Plaintiff re-alleges and incorporates by reference paragraphs 1-44 above with the same force and effect as if fully set out in specific detail herein below.

46.   Plaintiff brings this count under the Equal Pay Act (EPA) of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 206(d).

47.   The EPA prohibits wage discrimination on the basis of sex in section 206(d)(1), which provides in pertinent part:

> No employer ... shall discriminate ... between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions,

> except where such payment is made pursuant to (i) a
> seniority system; (ii) a merit system; (iii) a system which
> measures earnings by quantity or quality of production; or
> (iv) a differential based on any other factor other than sex....

29 U.S.C. § 206(d)(1).

48. Defendant paid male employees a higher rate of pay than it paid Plaintiff for equal work in an equal position at the same establishment.

49. Plaintiff's higher paid male co-workers held jobs the performance of which required equal skill, effort, and responsibility to Plaintiff's job.

50. The primary duties of Plaintiff's job and that of her male co-workers were substantially equal.

51. Plaintiff's work and that of her higher paid male co-workers was performed under similar working conditions in the same establishment.

52. Defendant willfully violated the Equal Pay Act by paying Plaintiff lower wages to similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions.

**COUNT III – Plaintiff's Slaton's FLSA Retaliation Claim**

53. Plaintiff re-alleges and incorporates by reference paragraphs 1-52 above with the same force and effect as if fully set out in specific detail below.

54. Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for any person "to discharge or in any other manner discriminate against any employee

because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

55.   Plaintiff engaged in activity protected by the FLSA when she filed an EEOC charge complaining of her male co-workers being paid more than she was being paid for equal work.

56.   Defendant willfully violated the FLSA by taking adverse employment actions against Plaintiff up to and including terminating her in retaliation for Plaintiff's opposition of illegal conduct under the EPA.

57.   The adverse employment actions taken by Defendant are causally connected to Plaintiff's engagement in protected activity under the FLSA.

58.   Defendant has failed to articulate a legitimate, non-retaliatory reason for terminating Plaintiff.  In the alternative, Defendants' articulated reasons for terminating Plaintiff are not legitimate and are a pretext for retaliation.

**COUNT IV – Plaintiff's Slaton's Title VII Retaliation Claim**

59.   Plaintiff re-alleges and incorporates by reference paragraphs 1-58 above with the same force and effect as if fully set out in specific detail below.

60.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress known

as the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended, and 42 U.S.C. § 1981a.

61.    Under Title VII, it is an unlawful employment practice for an employer to discriminate against any of his employees "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

62.    After Plaintiff filed a Charge of Discrimination, Defendant took material adverse employment actions against her, including disciplining and discharging her.

63.    Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

64.    Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

65.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

66.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment,

injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

**COUNT V – Plaintiff Lovell's Title VII Gender Discrimination Claim**

67.     Plaintiff re-alleges and incorporates by reference paragraphs 1-66 above with the same force and effect as if fully set out in specific detail below.

68.     Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. as amended, and 42 U.S.C. §1981a.

69.     Under Title VII, it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

70.     During her employment, Defendant discriminated against Plaintiff because of her female gender by disciplining her, failing to promote her and by discharging her.

71.     Defendant's articulated reasons for these adverse employment actions, are not legitimate.

72.     Said discrimination was done maliciously, willfully, and with reckless

disregard for the rights of Plaintiff.

73.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

74.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

**COUNT VI – Plaintiff Lovell's Title VII Retaliation Claim**

75.     Plaintiff re-alleges and incorporates by reference paragraphs 1-74 above with the same force and effect as if fully set out in specific detail below.

76.     Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended, and 42 U.S.C. § 1981a.

77.     Under Title VII, it is an unlawful employment practice for an employer to discriminate against any of his employees "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

13

78.     Plaintiff complained of gender discrimination to Defendant's managers.

79.     After Plaintiff complained of discrimination, Defendant took material adverse employment actions against her, including disciplining and discharging her.

80.     Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

81.     Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

82.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

83.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiffs as secured by Title VII, as amended by 42 U.S.C. Section 1981a.

2.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiffs as secured by the Equal Pay Act, 29 U.S.C. Section 206(d) and 29 USC 215(a)(3).

3.      Grant Plaintiffs a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII as amended by 42 U.S.C. §1981a, and the Equal Pay Act, 29 U.S.C. Section 206(d).

4.      Enter an Order requiring Defendant to make Plaintiffs whole by awarding them back pay   (plus interest), punitive damages, compensatory damages, reinstatement or front pay, nominal damages, liquidated damages (for Plaintiff Slaton), loss of benefits including retirement, pension, seniority and other benefits of employment.

5.      Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFFS DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j

Daniel E. Arciniegas asb-7809-d67a
L. William Smith asb-8660-A61s
Counsel for Plaintiff


**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205-314-0500


**DEFENDANT'S ADDRESS**:
Day & Zimmerman NPS
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104